IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | BANKRUPTCY NO. 23-10255 JCM |
| | : | |
| DONALD KENNETH CHRISPEN, II | : | HONORABLE JOHN C. MELARAGNO |
| AND ACACIA TATE CHRISPEN, | : | |
|     Debtors | : | CHAPTER 13 |
| | : | |
| DONALD KENNETH CHRISPEN, II | : | |
| AND ACACIA TATE CHRISPEN, | : | |
|     Movants, | : | |
| | : | |
|     v. | : | |
| | : | |
| No Respondents. | :: | |

## NOTICE OF PROPOSED MODIFICATION TO
## CONFIRMED PLAN DATED DECEMBER 13, 2021

1) Pursuant to *11 U.S.C. §1329*, the Debtors have filed an Amended Chapter 13 Plan dated January 25, 2024, which is attached hereto at Exhibit "A" (the "Amended Chapter 13 Plan"). A summary of the Modification is set forth below in paragraphs 4 through 6 of this Notice.

2) All Objections to the Amended Chapter 13 Plan must be filed and served by no later than 21 days after the date of this Notice upon the Debtors, Chapter 13 Trustee, and any creditor whose claim allowance or treatment is the subject of the Objection. Untimely Objections will not be considered. Any creditor who files a timely Objection to the Amended Chapter 13 Plan must appear at the scheduled Initial Confirmation Hearing on the Amended Chapter 13 Plan.

3) A virtual (via Zoom) Initial Confirmation Hearing on the Amended Chapter 13 Plan will be held on **February 29, 2024** at **9:30** a.m. before the Chapter 13 Trustee. The table and meeting I.D. to participate by Zoom (and telephone number and meeting I.D. to participate by telephone if you lack the ability to participate by Zoom), can be found at http://www.ch13pitt.com/calendar/ several days before the meeting. Parties are expected to familiarize themselves with the Trustee's website at http://www.ch13pitt.com/ and to comply with the procedures set forth at that site for conference participation.

#01649341

4) Pursuant to the Amended Chapter 13 Plan, the Debtors seek to modify the Plan in the following particulars:

The Amended Chapter 13 Plan accounts for the termination of the vehicle lease and the purchase of a used vehicle. No other creditors are being effected by the modification of this plan.

5) The proposed modification to the Plan will impact the treatment of the claims of the following creditors and in the following particulars:

The Amended Chapter 13 Plan accounts for the termination of the vehicle lease and the purchase of a used vehicle. No other creditors are being effected by the modification of this plan.

6) Debtors submit that the reason for the modification is/are as follows:

The Amended Chapter 13 Plan accounts for the termination of the vehicle lease and the purchase of a used vehicle. No other creditors are being effected by the modification of this plan.

The Debtors further submit that the requested modification is being proposed in good faith, and not for any means prohibited by applicable law. The Debtors further submit that the proposed modification complies with *11 U.S.C. §§ 1322(a), 1322(b), 1325(a)* and *1329*, and except as set forth above, there are no other modifications sought by way the Amended Chapter 13 Plan.

WHEREFORE, the Debtors respectfully request that the Court enter an Order confirming the Amended Chapter 13 Plan, and for such other relief the Court deems equitable and just.

Date: January 25, 2024  Respectfully submitted,
THE QUINN LAW FIRM

BY: /s/ Michael S. Jan Janin
Michael S. Jan Janin, Esquire
PA Id. No. 38880
Counsel for Debtors
2222 West Grandview Boulevard
Erie, Pennsylvania  16506-4508
Telephone: 814-833-2222
mjanjanin@quinnfirm.com

#01649341

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Donald Kenneth Chrispen, II** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Acacia Tate Chrispen** | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |

United States Bankruptcy Court for the Western District of Pennsylvania

Case number:  **23-10255-JCM**
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

_____

# Western District of Pennsylvania
## Chapter 13 Plan Dated: January 25, 2024

### Part 1:   Notices

To Debtors:   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.**

*In the following notice to creditors, you must check each box that applies:*

To Creditors:   **YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

***IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLAN.***

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "included" box is unchecked or if both boxes are checked on each line, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☒ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☒ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1   Debtor(s) will make regular payments to the trustee:**

Total amount of $**1,968.50** per month for a total plan term of **sixty (60)** months shall be paid to the trustee from the future earnings as follows:

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $    984.25 | $ | $ |
| D#2 | $    984.25 | $ | $ |

(Income attachments must be used by debtors having attachable income)    (SSA direct deposit recipients only)

Debtor(s): _____Donald Kenneth Chrispen, II & Acacia Tate Chrispen_____    Case number: _____23-10255-JCM_____

2.2 **Additional payments:**

☐ **Unpaid Filing Fees**. The balance of $_____ shall be paid by the Trustee to the Clerk of the Bankruptcy Court from the first available funds.

Check one.

☒ None. If "None" is checked, the rest of Section 2.2 need not be completed or reproduced.

☐ The debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

2.3 **The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.**

### Part 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

☐ **None**. If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. If monthly payment changes exist, state the amounts and the effective dates of the changes.

| Name of creditor and redacted account number | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Effective date (MM/YYYY) |
|---|---|---|---|---|
| M & T Bank | 1051 Newton Avenue, Erie, PA | $651.15 | $0 | June 2023 |
|  |  | $ | $ |  |

Insert additional claims as needed.

3.2 **Request for valuation of security, payment of fully secured claims, and/or modification of undersecured claims.**

Check one.

☐ **None**. If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.

☐ **Fully paid at contract terms with no modification**

| Name of Creditor and redacted account number | Collateral | Amount of Secured Claim | Interest Rate | Monthly payment to Creditor |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

☐ **Fully paid at modified terms**

| Name of Creditor and redacted account number | Collateral | Amount of Secured Claim | Interest Rate | Monthly payment to Creditor |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

Debtor(s):     Donald Kenneth Chrispen, II & Acacia Tate Chrispen              Case number:     23-10255-JCM

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this Plan is checked.*

☐   The debtor(s) will request, **by filing a separate motion pursuant to Rule 3012**, that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed *Amount of secured claim.* For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through a motion pursuant to Rule 3012).

| Name of Creditor and redacted account number | Estimated amount of creditor's total claim (See Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of Secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | _____% | $_____ |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | _____% | $_____ |

Insert additional claims as needed.

3.3   **Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☐   **None**. If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

☒   The claims listed below were either:

(1)   Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the debtor(s), or

(2)   Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of creditor and redacted account number | Collateral | Amount of Claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| **First National Bank of Pennsylvania** | **2015 Chevrolet Colorado** | **$26,181.00** | **10.25%** | **$554.49** |
| **DriveTime CarSales Co. dba DriveTime Cleveland** | **2018 Ford Escape** | **$19,578.00** | **22.40%** | **$498.05** |

Insert additional claims as needed.

3.4   **Lien Avoidance.**

Check one.

☒   **None**. If "None" is checked, the rest of Section 3.4 need not be completed or reproduced. ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐   The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). The debtor(s) will request, **by filing a separate motion,** that the court order the avoidance of a judicial lien or security interest securing a claim listed below to the extent that it impairs such exemptions. The amount of any judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor and redacted account number | Collateral | Modified principal balance* | Interest rate | Monthly payment or pro Rata |
|---|---|---|---|---|

Debtor(s):      Donald Kenneth Chrispen, II & Acacia Tate Chrispen            Case number:      23-10255-JCM

|  |  | $ | % | $ |
|---|---|---|---|---|
|  |  | $ | % | $ |

Insert additional claims as needed.

*If the lien will be wholly avoided, insert $0 for Modified principal balance.

3.5 **Surrender of Collateral**

Check one.

☒ **None**. If "None" is checked, the rest of Section 3.5 need not be completed or reproduced.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secured the creditor's claim. The debtor(s) request that upon final confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| Name of Creditor and redacted account number | Collateral |
|---|---|
|  |  |
|  |  |

Insert additional claims as needed.

3.6 **Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
|  | $ |  | % |  |  |
|  | $ |  | % |  |  |

Insert additional claims as needed.

* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

## Part 4:    Treatment of Fees and Priority Claims

4.1 **General.**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if *pro se*) and the trustee to monitor any change in the percentage fees to ensure that the plan is adequately funded.

4.3. **Attorney's fees.**

Attorney's fees are payable to **Michael S. Jan Janin, Esquire, 2222 West Grandview Blvd., Erie, Pennsylvania 16506**. In addition to a retainer of $1,038.00 (of which $500.00 was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $5,962.00 is to be paid at the rate of **$250.00** per month. Including any retainer paid, a total of $6,000.00 in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $_____ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

Debtor(s): _____Donald Kenneth Chrispen, II & Acacia Tate Chrispen_____    Case number: _____23-10255-JCM_____

4.4 **Priority claims not treated elsewhere in Part 4.**

☒ None. If "None" is checked, the rest of Section 4.4 need not be completed or reproduced

| Name of creditor and redacted account number | Total amount of claim | Interest rate (0% if blank) | Statute providing priority status |
|---|---|---|---|
| | $ | % | |
| | $ | % | |
| | $ | % | |
| | $ | % | |

Insert additional claims as needed.

4.5 **Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

Check one.

☒ **None. If "None" is checked, the rest of Section 4.5 need not be completed or reproduced.**

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐ Check here if payment is for prepetition arrearages only.

| Name of creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| | | $ | |
| | | $ | |

Insert additional claims as needed.

4.6 **Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☒ **None**. If "None" is checked, the rest of Section 4.6 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a Domestic Support Obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This provision requires that payments in Section 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of Claim to be paid |
|---|---|
| | $ |
| | $ |

Insert additional claims as needed.

4.7 **Priority unsecured tax claims paid in full.**

☒ **None. If "None" is checked, the rest of Section 4.7 need not be completed or reproduced.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate (0% if blank) | Tax Periods |
|---|---|---|---|---|
| | $ | | % | |
| | $ | | % | |
| | $ | | % | |

Debtor(s):    Donald Kenneth Chrispen, II & Acacia Tate Chrispen         Case number:    23-10255-JCM

|  | $ |  | % |  |
|---|---|---|---|---|
|  | $ |  | % |  |

Insert additional claims as needed.

4.8  **Postpetition utility monthly payments**

**The provisions of Section 4.8 are available only if the utility provider has agreed to this treatment**.  The charges for postpetition utility service are allowed as an administrative claim. These payments comprise of a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan unless amended.  Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan.  These payments may not resolve all of the postpetition claims of the utility.  Any unpaid postpetition utility claims will survive discharge and the utility may require additional funds from the debtor(s) after discharge.

| Name of creditor and redacted account number | Monthly payment | Postpetition account number |
|---|---|---|
|  |  |  |
|  |  |  |

Insert additional claims as needed.

### Part 5:  Treatment of Nonpriority Unsecured Claims

5.1  **Nonpriority unsecured claims not separately classified.**

Debtor(s) **ESTIMATE(S)** that a total of $ 0 will be available for distribution to nonpriority unsecured creditors.

Debtor(s) **ACKNOWLEDGE(S)** that a **MINIMUM** of $0 shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is **NOT** the **MAXIMUM** amount payable to this class of creditors.  Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is 0%.  The percentage of payment may change, based upon the total amount of allowed claims.  Late-filed claims will not be paid unless all timely filed claims have been paid in full.  Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim.  Creditors not specifically identified elsewhere in this plan are included in this class.

5.2  **Maintenance of payments and cure of any default on nonpriority claims.**

Check one.

☒    **None**.  If "None" is checked, the rest of Section 5.2 need not be completed or reproduced.

☐    The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment.  These payment will be disbursed by the trustee.  The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name of creditor and redacted account number | Current installment payment | Amount of arrearage to be paid on the claim | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|
|  | $ | $ | $ |  |
|  | $ | $ | $ |  |

Insert additional claims as needed.

5.3  **Other separately classified nonpriority unsecured claims.**

Check one.

☒    **None**.  If "None" is checked, the rest of Section 5.4 need not be completed or reproduced.

☐    The allowed nonpriority unsecured claims listed below are separately classified and will be treated as follows:

Debtor(s): Donald Kenneth Chrispen, II & Acacia Tate Chrispen     Case number: 23-10255-JCM

| Name of creditor and redacted account number | Basis for separate classification and treatment | Amount of arrearage to be paid | Interest rate | Estimated total payments by trustee |
|---|---|---|---|---|
| | | $ | % | |
| | | $ | % | |

Insert additional claims as needed.

## Part 6:  Executory Contracts an Unexpired Leases

**6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☒  **None**. If "None" is checked, the rest of Section 6.1 need not be completed or reproduced.

☐  **Assumed items. Current installment payments will be disbursed by the trustee. Arrearage payments will be disbursed by the trustee.**

| Name of creditor and redacted account number | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|---|

Insert additional claims as needed.

## Part 7:  Vesting of Property of the Estate

**7.1**  **Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

## Part 8:  General Principles Applicable to All Chapter 13 Plans

**8.1**  This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2**  Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C. § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3**  The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4**  Unless otherwise stated in this plan or permitted by a court order all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5**  Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek an obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

- Level One:     Unpaid filing fees.
- Level Two:     Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments.
- Level Three:   Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims.
- Level Four:    Priority Domestic Support Obligations.
- Level Five:    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
- Level Six:     All remaining secured, priority and specially classified claims, and miscellaneous secured arrears.
- Level Seven:   Allowed nonpriority unsecured claims.
- Level Eight:   Untimely filed nonpriority unsecured claims for which an objection has not been filed.

**8.6**  As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if *pro se*) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7**  The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8**  Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9**  Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged and released.

**8.10**  The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

## Part 9:    Nonstandard Plan Provisions

**9.1  Check "None" or List Nonstandard Plan Provisions.**

☒   **None**. If "None" is checked, the rest of Part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if the applicable box in Part 1 is checked. Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motions.**

Debtor(s):    Donald Kenneth Chrispen, II & Acacia Tate Chrispen        Case number:    23-10255-JCM

## Part 10: Signatures

### 10.1 Signature of Debtor(s) and Debtor(s)' Attorney.

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise, the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.*

X    /s/ Donald Kenneth Chrispen, II                 X    /s/ Acacia Tate Chrispen
Donald Kenneth Chrispen, II                           Acacia Tate Chrispen

Executed on    01/25/2024                             Executed on    01/25/2024
MM/DD/YYYY                                            MM/DD/YYYY

X /s/ Michael S. Jan Janin
Michael S. Jan Janin, Esquire                         Date  01/25/2024
The Quinn Law Firm                                          MM/DD/YYYY
Pa. I.D. No.38880
2222 West Grandview Boulevard
Erie, PA 16506-4508
Phone: (814) 833-2222
Fax: (814) 833-6753
Email: mjanjanin@quinnfirm.com
Attorney for Debtors

#01649339

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | BANKRUPTCY NO. 23-10255 JCM |
| | : | |
| DONALD KENNETH CHRISPEN, II AND ACACIA TATE CHRISPEN, | : : | HONORABLE JOHN C. MELARAGNO |
| Debtors | : | CHAPTER 13 |
| | : | |
| DONALD KENNETH CHRISPEN, II AND ACACIA TATE CHRISPEN, | : : | |
| Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| No Respondents. | : | |

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I served, or caused to be served, on January 22, 2024, a copy of the Notice of Proposed Modification to Chapter 13 Plan and Amended Chapter 13 Plan dated January 25, 2024 upon each of the following persons and parties in interest as outlined below.

The type of service made on the parties was <u>CM/ECF Notification (NO PAPER COPY)</u>

- Office of the United States Trustee at ustpregion03.pi.ecf@usdoj.gov
- Ronda J. Winnecour   cmecf@chapter13trusteewdpa.com
- Brian Nicholas on behalf of Creditor M&T BANK at bnicholas@kmllawgroup.com

<u>Via regular U.S. Mail, postage pre-paid</u>

- All creditors in the attached mailing matrix.

Date: January 25, 2024            Respectfully submitted,
                                  THE QUINN LAW FIRM

                       BY:   /s/ Michael S. Jan Janin
                             Michael S. Jan Janin, Esquire
                             PA Id. No. 38880
                             Counsel for Debtors
                             2222 West Grandview Boulevard
                             Erie, Pennsylvania  16506-4508
                             Telephone: 814-833-2222
                             mjanjanin@quinnfirm.com

#01649341

```
Label Matrix for local noticing         ACAR Leasing Ltd. d/b/a GM Financial Leasing    LVNV Funding, LLC
0315-1                                  P O Box 183853                                   Resurgent Capital Services
Case 23-10255-JCM                       Arlington, TX 76096-3853                         PO Box 10587
WESTERN DISTRICT OF PENNSYLVANIA                                                         Greenville, SC 29603-0587
Erie
Thu Jan 25 13:23:37 EST 2024

1                                       Aidvantage on behalf of                          Best Buy/CBNA
U.S. Bankruptcy Court                   Dept of Ed Loan Services                         ATTN: Bankruptcy
U.S. Courthouse, Room B160              PO BOX 300001                                    50 Northwest Point Road
17 South Park Row                       Greenville TX 75403-3001                         Elk Grove Village, IL 60007-1032
Erie, PA 16501-1169

Care Credit/Synchrony                   Care Credit/Vets                                 (p)CREDIT CORP SOLUTIONS INC
ATTN: Bankruptcy                        ATTN: Bankruptcy                                 121 W ELECTION RD
PO Box 960061                           PO Box 965036                                    SANDY UT 84020-7766
Orlando, FL 32896-0061                  Orlando, FL 32896-5036


Donna M. Donaher, Esquire               Donna M. Donaher, Esquire                        Erie County Tax Claim Bureau
1 PPG Place                             c/o First National Bank Legal Dept.              Erie County Courthouse
#1500                                   100 Federal Street, 4th Floor                    140 West Sixth Street
Pittsburgh, PA 15222-5416               Pittsburgh, PA 15212-5708                        Room 110
                                                                                         Erie, PA 16501-1029

Erie Water Works                        Erie Water Works                                 FNB
ATTN: Bankruptcy                        Collection Dept.                                 ATTN: Legal Dept.
340 West Bayfront Parkway               340 West Bayfront Parkway                        3015 Glimcher Blvd.
Erie, PA 16507-2004                     Erie, PA 16507-2004                              Hermitage, PA 16148-3343


First National Bank of Pennsylvania     First Premier Bank                               First Premier Bank
4140 East State Street                  3820 N. Louise Avenue                            601 S. Minnesota Avenue
Hermitage, PA 16148-3401                Sioux Falls, SD 57107-0145                       Sioux Falls, SD 57104-4868


First Premier Bank                      First Premier Bank                               GM Financial
P.O. Box 5524                           P.O. Box 5529                                    ATTN: Bankruptcy
Sioux Falls, SD 57117-5524              Sioux Falls, SD 57117-5529                       801 Cherry Street
                                                                                         Suite #3600
                                                                                         Fort Worth, TX 76102-6855

GM Financial                            GM Financial dba ACAR Leasing Ltd.               Howard Hanna Mtg Services
ATTN: Bankruptcy                        ATTN: Bankruptcy                                 ATTN: Bankruptcy
PO Box 181145                           PO Box 183853                                    119 Gamma Drive
Arlington, TX 76096-1145                Arlington, TX 76096-3853                         Pittsburgh, PA 15238-2902


Kohl's/Capone                           Kohl's/Capone                                    M&T Bank
ATTN: Bankruptcy                        ATTN: Bankruptcy                                 ATTN: Bankruptcy
N56 Ridgewood Drive                     PO Box 3115                                      1 M&T Plaza, 4th Floor
Menomonee Falls, WI 53051               Milwaukee, WI 53201-3115                         Buffalo, NY 14203


M&T Bank                                (p)M&T BANK                                      M&T Bank
ATTN: Bankruptcy                        LEGAL DOCUMENT PROCESSING                        P.O. Box 619063
3 Fountain Plaza                        626 COMMERCE DRIVE                               Dallas, TX 75261-9063
Buffalo, NY 14203-1421                  AMHERST NY 14228-2307
```

| | | |
|---|---|---|
| M&T Bank Lending Services<br>Customer Support<br>P.O. Box 1288<br>Buffalo, NY 14240-1288 | MERS<br>1901 Vorhees Street, Suite C<br>Danville, IL 61834-4512 | (p)MOHELA<br>CLAIMS DEPARTMENT<br>633 SPIRIT DRIVE<br>CHESTERFIELD MO 63005-1243 |
| Midland Credit Management Inc.<br>ATTN: Bankruptcy<br>PO Box 2011<br>Warren, MI 48090-2011 | Midland Credit Management, Inc.<br>8875 Aero Drive<br>Suite 200<br>San Diego, CA 92123-2255 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 |
| Midland Credit Mgmt Inc<br>ATTN: Bankruptcy<br>1 International Plaza, 5th<br>Philadelphia, PA 19113-1510 | Midland Funding LLC<br>2365 Northside Drive<br>Suite 300<br>SanDiego, CA 92108-2710 | Midland Funding LLC<br>320 East Big Beaver Road<br>Suite 300<br>Troy, MI 48083-1271 |
| Midland Funding LLC<br>ATTN: Bankruptcy Dept.<br>350 Camino De La Reina<br>San Diego, CA 92108-3007 | Mortgage Electronic Registration<br>Systems, Inc.<br>P.O. Box 2026<br>Flint, MI 48501-2026 | Mortgage Eletronic Services, Inc.<br>P.O. Box 2026<br>Flint, MI 48501-2026 |
| Office of the United States Trustee<br>1000 Liberty Avenue<br>Suite 1316<br>Pittsburgh, PA 15222-4013 | OneMain<br>ATTN: Bankruptcy<br>100 International Drive, 15th Floor<br>Baltimore, MD 21202-4784 | OneMain<br>P.O. Box 1010<br>Evansville, IN 47706-1010 |
| OneMain<br>P.O. Box 742536<br>Cincinnati, OH 45274-2536 | OneMain Financial<br>PO Box 3251<br>Evansville, IN 47731-3251 | OneMain fka Citifinancial<br>P.O. Box 1010<br>Evansville, IN 47706-1010 |
| PRA Receivables Management, LLC<br>ATTN: Bankruptcy<br>130 Corporate Boulevard<br>Norfolk, VA 23502-4952 | Pembroke Lake Apartments<br>ATTN: Bankruptcy<br>700 Moraine Court<br>Virginia Beach, VA 23455-6360 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Portfolio Recovery Associates, Inc.<br>ATTN: Bankruptcy<br>150 Corporate Blvd.<br>Norfolk, VA 23502-4952 | Portfolio Recovery Associates, Inc.<br>ATTN: Bankruptcy Dept<br>120 Corporate Blvd.<br>Norfolk, VA 23502-4952 | Portfolio Recovery Associates, Inc.<br>Riverside Commerce Center<br>120 Corporate Blvd.<br>Norfolk, VA 23502-4952 |
| St. Vincent Health Center<br>ATTN: Emily McNaughton<br>4 Allegheny Center<br>Pittsburgh, PA 15212-5255 | St. Vincent Hospital<br>ATTN: Bankruptcy Dept.<br>232 West 25th Street<br>Erie, PA 16544-0001 | Synchrony Bank<br>ATTENTION: Bankruptcy Dept.<br>P.O. Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank<br>ATTENTION: Bankruptcy Dept.<br>P.O. Box 965061<br>Orlando, FL 32896-5061 | US Dept of Education/Advantage<br>ATTN: Bankruptcy<br>1891 Metro Center Drive<br>Reston, VA 20190-5287 | US Dept. of Education<br>P.O. Box 7860<br>Madison, WI 53707-7860 |

| | | |
|---|---|---|
| Vive Financial<br>ATTN: Bankruptcy<br>380West Dada Drive, Suite #200<br>Draper, UT 84020 | Wells Fargo Bank<br>PO Box 1629<br>Saint Paul, MN 55121 | Wells Fargo Bank N.A.<br>ATTN: Bankrutpcy<br>1 Home Campus<br>Des Moines, IA 50328-0001 |
| Wells Fargo Bank, National Association<br>301 S. Tryon Street<br>27th Floor<br>Charlotte, NC 28282-1915 | Wells Fargo Bank, National Association<br>ATTN: Bankruptcy<br>27th Floor<br>301 S. Tryon Street<br>Charlotte, NC 28282-1915 | Acacia Tate Chrispen<br>1051 Newton Avenue<br>Erie, PA 16511-2725 |
| Donald Kenneth Chrispen II<br>1051 Newton Avenue<br>Erie, PA 16511-2725 | Michael S. Jan Janin<br>Quinn Buseck Leemhuis Toohey & Kroto Inc<br>2222 West Grandview Boulevard<br>Erie, PA 16506-4508 | Ronda J. Winnecour<br>Suite 3250, USX Tower<br>600 Grant Street<br>Pittsburgh, PA 15219-2702 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Credit Corp Solutions<br>ATTN: Bankruptcy<br>121 West Election Road, Suite #20<br>Draper, UT 84020 | M&T Bank<br>P.O. Box 1288<br>Buffalo, NY 14240-1288 | (d)M&T Bank<br>P.O. Box 840<br>Buffalo, NY 14240-0840 |
| (d)M&T Bank<br>P.O. Box 900<br>Millsboro, DE 19966 | MOHELA/Dept of Education<br>ATTN: Bankruptcy<br>633 Spirit Drive<br>Chesterfield, MO 63005 | Portfolio Recovery Associates LLC<br>ATTN: Bankruptcy Dept<br>P.O. Box 41067<br>Norfolk, VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)M&T BANK | (u)23-10255 | (d)ACAR Leasing LTD d/b/a GM Financial Leasin<br>P.O. Box 183853<br>Arlington, TX 76096-3853 |
| (d)ACAR Leasing Ltd. d/b/a GM Financial Leasi<br>P O Box 183853<br>Arlington, TX 76096-3853 | (u)Carlos  Smith | (d)LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |

End of Label Matrix
Mailable recipients    68
Bypassed recipients     6
Total                  74